TRINETTE G. KENT (State Bar No. 222020)
10645 North Tatum Blvd., Suite 200-192
Phoenix, AZ 85028
Telephone:  (480) 247-9644
Facsimile:  (480) 717-4781
E-mail: tkent@lemberglaw.com

Of Counsel to
Lemberg Law, LLC
A Connecticut Law Firm
43 Danbury Road
Wilton, CT 06897
Telephone:  (203) 653-2250
Facsimile:  (203) 653-3424

Attorneys for Plaintiff,
Odile Davies

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
WESTERN DIVISION

| | |
|---|---|
| Odile Davies,<br><br>          Plaintiff,<br><br>     vs.<br><br>Adler, Wallach & Associates, Inc. d/b/a AWA Collections,<br><br>          Defendant. | Case No.:<br><br>**COMPLAINT FOR DAMAGES**<br><br>**FOR VIOLATIONS OF:**<br>**1. THE FAIR DEBT COLLECTION PRACTICES ACT; AND**<br>**2. THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff, Odile Davies (hereafter "Plaintiff"), by undersigned counsel, brings the following complaint against Adler, Wallach & Associates, Inc. d/b/a AWA Collections (hereafter "Defendant") and alleges as follows:

## JURISDICTION

1. This action arises out of Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA"), and violations of the Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code § 1788, *et seq.* ("Rosenthal Act").

2. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d), Cal. Civ. Code 1788.30(f), 28 U.S.C. § 1331 and 28 U.S.C. § 1367.

3. Venue is proper before this Court pursuant to 28 U.S.C. § 1391(b), where the acts and transactions giving rise to Plaintiff's action occurred in this district and/or where Defendant transacts business in this district.

## PARTIES

4. Plaintiff is an adult individual residing in Panorama City, California, and is a "person" as defined by 47 U.S.C. § 153(39) and Cal Civ. Code § 1788.2(g).

5. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3), and is a "debtor" as defined by Cal. Civ. Code § 1788.2(h).

6. Defendant is a business entity located in Orange, California, and is a "person" as the term is defined by 47 U.S.C. § 153(39) and Cal Civ. Code § 1788.2(g).

7. Defendant uses instrumentalities of interstate commerce or the mails in a business the principle purpose of which is the collection of debts and/or regularly collects or attempts to collect debts owed or asserted to be owed to another, and is a "debt collector" as defined by 15 U.S.C.§ 1692a(6).

8. Defendant, in the ordinary course of business, regularly, on behalf of itself or others, engages in the collection of consumer debts, and is a "debt collector" as defined by Cal. Civ. Code § 1788.2(c).

## ALLEGATIONS APPLICABLE TO ALL COUNTS

9. Plaintiff is a natural person allegedly obligated to pay a debt asserted to be owed to a creditor other than Defendant.

10. Plaintiff's alleged obligation arises from a transaction in which property, services or money was acquired on credit primarily for personal, family or household purposes, is a "debt" as defined by 15 U.S.C. § 1692a(5), and is a "consumer debt" as defined by Cal. Civ. Code § 1788.2(f).

11. At all times mentioned herein where Defendant communicated with any person via telephone, such communication was done via Defendant's agent, representative or employee.

12. In December of 2015, Defendant began calling Plaintiff in an attempt to collect a debt.

13. When Plaintiff returned Defendant's call, Defendant's agent, in a rude and abusive tone, suggested that Plaintiff, "Go learn English and call back!"

14. When Plaintiff asked for the agent's name, the agent disconnected the call by hanging up on Plaintiff.

15. Defendant's actions caused Plaintiff a significant amount of embarrassment and humiliation.

## COUNT I

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. § 1692, *et seq.*

16. Plaintiff incorporates by reference all of the above paragraphs of this complaint as though fully stated herein.

17. The FDCPA was passed in order to protect consumers from the use of abusive, deceptive and unfair debt collection practices and in order to eliminate such practices.

18. Defendant attempted to collect a debt from Plaintiff and engaged in "communications" as defined by 15 U.S.C. § 1692a(2).

19. Defendant engaged in conduct, the natural consequence of which was to harass, oppress, or abuse Plaintiff, in connection with the collection of a debt, in violation of 15 U.S.C. § 1692d.

20. Defendant used obscene or profane language or language the natural consequence of which was to abuse Plaintiff, in violation of 15 U.S.C. § 1692d(2).

21. The foregoing acts and/or omissions of Defendant constitute violations of the FDCPA, including every one of the above-cited provisions.

22. Plaintiff was harmed and is entitled to damages as a result of Defendant's violations.

## COUNT II

## VIOLATIONS OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT, Cal. Civ. Code § 1788, *et seq.*

23. Plaintiff incorporates by reference all of the above paragraphs of this complaint as though fully stated herein.

24. The Rosenthal Act was passed to prohibit debt collectors from engaging in unfair and deceptive acts and practices in the collection of consumer debts.

25. Defendant used obscene or profane language when speaking with Plaintiff, in violation of Cal. Civ. Code § 1788.11(a).

26. Defendant did not comply with the provisions of 15 U.S.C. § 1692, *et seq.*, in violation of Cal. Civ. Code § 1788.17.

27. Plaintiff was harmed and is entitled to damages as a result of Defendant's violations.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendant for:

A. Actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

B. Statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A);

5
COMPLAINT FOR DAMAGES

C.  Actual damages pursuant to Cal. Civ. Code § 1788.30(a);

D.  Statutory damages of $1,000.00 for knowingly and willfully committing violations pursuant to Cal. Civ. Code § 1788.30(b);

E.  Costs of litigation and reasonable attorneys' fees pursuant to 15 U.S.C. § 1692k(a)(3) and Cal. Civ. Code § 1788.30(c);

F.  Punitive damages; and

G.  Such other and further relief as may be just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

DATED:  April 4, 2016            TRINETTE G. KENT

By:  /s/  Trinette G. Kent
Trinette G. Kent, Esq.
Lemberg Law, LLC
Attorney for Plaintiff, Odile Davies